DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiff
RENEE SOUZA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE SOUZA, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| MIDLAND FUNDING, LLC, a limited liability company and DOES 1 through 20, inclusive, | |
| Defendants. | |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote

1  the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq

2  (hereinafter "FDCPA"), to eliminate abusive debt collection

3  practices by debt collectors, to insure that those debt

4  collectors who refrain from using abusive debt collection

5  practices are not competitively disadvantaged, and to promote

6  consistent State action to protect consumers against debt

7  collection abuses.[1]

8      2.   The California legislature has determined that the

9  banking and credit system and grantors of credit to consumers

10 are dependent upon the collection of just and owing debts and

11 that unfair or deceptive collection practices undermine the

12 public confidence that is essential to the continued functioning

13 of the banking and credit system and sound extensions of credit

14 to consumers.  The Legislature has further determined that there

15 is a need to ensure that debt collectors exercise this

16 responsibility with fairness, honesty and due regard for the

17 debtor's rights and that debt collectors must be prohibited from

18 engaging in unfair or deceptive acts or practices.[2]

19     3.   RENEE SOUZA (hereinafter "Plaintiff"), by Plaintiff's

20 attorneys, brings this action to challenge the actions of

21 MIDLAND FUNDING, LLC (hereinafter "Defendant MIDLAND"), with

22

23

24 _____

[1] 15 U.S.C. 1692(a)-(e)

25 [2] Cal. Civ. Code 1788.1(a)-(b)

regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

4.   For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

### JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6.   This action arises out of Defendants' violations of the following:  the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7.   Because Defendants do business within the State of California, personal jurisdiction is established.

8.   Venue is proper pursuant to 28 U.S.C. §1391.

### PARTIES

9.   Plaintiff is a natural person who resides in the County of Contra Costa, State of California and is obligated or

allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant MIDLAND is a company operating from the City of San Diego, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code §

1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## **FACTUAL ALLEGATIONS**

15.   At all times relevant, Plaintiff is an individual residing within the State of California.

16.   Within one year of the filing of this complaint, Plaintiff received numerous telephone calls from MIDLAND to collect a consumer debt.   During one or more of those telephone calls, Defendant MIDLAND and/or its agents and employees told Plaintiff:

A.   She is very irresponsible with her money.

B.   That her parents should have taught her how to handle her money when she was at a younger age.

C.   That she is a liar since she told them she would make payments and she has not.

D.   Questioned the example she was setting for her children.

E.    That her husband did not know how to handle money either since his company went under.

17.    These financial obligations were primarily for personal, family, or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

18.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to §§ 1692b(6), 1692c(a)(2), 1692d, 1692e, 1692e(2), and 1692f of the FDCPA, 15 U.S.C. § 1692 et seq.

20.    As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32 (RFDCPA)

21.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

23.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

25.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital**

**instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

26.   Defendant MIDLAND and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

27.   Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

28.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

29.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in this intrusion and invasion of privacy against Plaintiff by this Defendant which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

30.  As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

#### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

#### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED:   January 15, 2014          Respectfully submitted,

                                  DELTA LAW GROUP

                          BY: _____
                                  JIM G. PRICE
                                  Attorneys for Plaintiff
                                  RENEE SOUZA